DEPEW et al. v. KRULEWITCH.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. INSURANCE—AGENTS TO PROCURE—AGREEMENT TO GIVE REBATE—TERMINA-
TION.
    Where agents to procure insurance under oral agreement to give cer-
tain rebates inform the insured that they will give rebates no longer,
after which insured accepts policies, his right to the rebate is terminated.
2. SAME—SUFFICIENCY OF EVIDENCE.
    Evidence *held* sufficient to show termination of an agreement by in-
surance agents to give rebates to insured.

Appeal from Muncipal Court, Borough of Manhattan.

Action by R. Henry Depew and others against Lewis Krulewitch.
From a judgment for defendant on a counterclaim, plaintiffs appeal.
Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

George S. Clay, for appellants.
Brinn & Greenberg, for respondent.

FREEDMAN, P. J.   The plaintiffs sued to recover the sum of
$79.   The defendant admitted the claim, and sets up a counterclaim
for $129.22.   The defendant claims, in substance, that the plaintiffs
were employed by him to procure policies of insurance upon the prop-
erty of defendant, and that of the premiums paid for such insurance
plaintiffs agreed to allow the defendant 7½ per cent. rebate.   The
amount of premiums upon the insurance secured by plaintiffs for de-
fendant aggregated $1,723, and defendant's claim of 7½ per cent.
thereof amounted to the sum of $129.22, above mentioned.   It was
conceded by the plaintiffs that for several years prior to 1901 there
had existed an agreement between the parties to allow the defendant
certain amounts as rebates, which had been done, but that in 1901 a
certain rule adopted by the Fire Insurance Exchange had prohibited
the plaintiffs from allowing rebates, and thereafter they refused to
allow them to the defendant.   Depew, one of the plaintiffs, testifies
that between April 1 and July 2, 1901, at a conversation had with the
defendant in the plaintiffs' office, Depew told the defendant that no
more commissions would be allowed him on policies of insurance;
that defendant said he could get rebates, and Depew again told him
that they (plaintiffs) should not give them any more; that the rules
of the insurance exchange prohibited it, and that plaintiffs had signed
a pledge not to do so.   The defendant, however, accepted his policies
obtained by plaintiffs, and continued to hold them, and thereafter paid
from time to time on account until the amount due plaintiffs had been
reduced to $79, the amount sued for.   This conversation was not de-
nied by defendant, who simply testified regarding it that "I don't
remember."   Depew is corroborated by his clerk, one Wood, and this
testimony stands uncontradicted.   The arrangement or agreement
as to paying defendant rebates was not in writing, and could have been
terminated at any time.   When Depew notified defendant of its
termination, the defendant could have refused to accept the policies

obtained by plaintiffs for him, or could have returned them to plaintiffs and procured them elsewhere. This he did not do. We think the counterclaim was not proven, and should not have been allowed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.